EDWARD P. MORIARITY (SBN: 4-1163)
BRADLEY L. BOOKE (SBN: 5-1676 )
TERRY W. MACKEY (SBN: 4-1149 )
MORIARITY, GOOCH, BADARUDDIN & BOOKE, LLC
124 West Pine Street, Suite B
Missoula, MT 59802-4222
Telephone:    (406) 728-6868

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC - 8 2005

Stephan Harris, Clerk
Cheyenne

MILTON DATSOPOULOS (pro hac vice)
DATSOPOULOS MACDONALD & LIND, P.C.,
Central Square Building
201 W. Main, Suite 201
Missoula, Montana 59801
Telephone: (406) 728-0810

Attorneys for Plaintiffs

REBECCA A. LEWIS, ESQ.
Lewis Law Office
4108 Grays Gable Road
Laramie, WY 82072
Telephone:    307 742 6780

Attorney for Defendant Elk Country Motels, Inc.

TOM A. GLASSBERG, ESQ.
Hooper Law Offices, P.C.
PO Box 303
Teton Village, Wyoming 83025
Telephone:    307 733 6526

Attorney for Defendant Jack's Heating and Cooling, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| Damian McDonough, et al.<br><br>        Plaintiffs,<br>   v.<br><br>Elk Country Motels, Inc., et al.<br><br><br>        Defendants. | **INITIAL PRE-TRIAL REPORT**<br><br><br><br>Civil No. <u>04 CV 0250-JAP</u><br><br><u>District Judge James A. Parker</u><br><u>Magistrate Judge Lorenzo F. Garcia</u> |
| --- | --- |

## INITIAL PRETRIAL REPORT

Counsel have conferred, pursuant to the instruction of the Hon. Lorenzo F. Garcia on

September 2, 2005, and submit the following Initial Pre Trial Report.

## I. APPEARANCES

Edward P. Moriarity and Shandor S. Badaruddin for all Plaintiffs. Milton Datsopoulos

appeared specially for the Plaintiff Jesse Schott, *ALL OF WHOSE CLAIMS HAVE SETTLED.*

Rebecca A. Lewis for the Defendant Elk Country Motels, Inc.

Tom A. Glassberg for the Defendant Jack's Heating and Cooling, Inc.

## II. NATURE OF THE CASE

Plaintiffs' action is based on theories of simple negligence, premises liability, duty to

warn, negligent infliction of emotional distress, breach of implied warranty and promissory

reliance, and also includes punitive claims based on allegations of willful and reckless conduct

indifference. Jurisdiction is based upon diversity of citizenship.

## III. AMENDMENTS TO THE PLEADINGS

Plaintiff intends to file an amendment removing Defendant Jack's Heating and Cooling,

Inc. from the complaint.

Defendant Elk Country Motels, Inc. does not intend to file any amendments.

Defendant Jack's Heating and Cooling, Inc. does not intend to file any amendments.

## IV. STIPULATIONS

The parties stipulate and agree that venue is properly laid in the District of Wyoming;

that the United States District Court for the District of Wyoming has jurisdiction over each party

and over the subject matter of this lawsuit.

**A. The parties are willing to further stipulate to the following facts:**

(1) Plaintiffs were guests of Defendant Elk Country Motels, Inc.'s 49'er Inn Hotel in Jackson, Wyoming during the month of January 2004. Defendant Elk Country disputes Jessie Schott was a named guest but concedes he spent the night at the hotel with other Plaintiffs.

(2) On or about January 17, 2004 carbon monoxide (CO) gas leaked from the boiler room up into the rooms of Plaintiffs that were situated above the boiler room.

(3) No CO detectors were installed in the 49'er Inn on the day the CO gas leaked into Plaintiffs' guest rooms. NOTE: While Defendant Elk Country Motels, Inc. stipulates to that this is a fact, this defendant plans to file a motion in limine in regard to the issue of CO detectors such that this fact would not be admissible.

(4) Plaintiffs were exposed to varying levels of CO exposure while staying in the rooms of Elk Country Motels, Inc. as the 49'er Inn's guests. Jessie Schott was also exposed to CO while staying at the hotel.

(5) Two of the Plaintiffs, after exposure to the CO gas, needed to be life flighted via helicopter to the emergency room.

**B. The parties further stipulate and agree that the substantive law governing this case is the law of Wyoming and the procedural law is Federal Law. Plaintiffs submit that the following law exists and may govern in this case (Defendants decline to stipulate as to any specific law):**

(1) The Residential Rental Property Act imposes a duty on landlords to maintain leased premises in a fit and habitable condition. <u>Merrill v. Jansma</u>, 86 P.3d 270 (Wyo. 2004).

(2)   The standard of care applicable generally to personal injuries occurring on leased premises is a standard of reasonable care under the circumstances. Merrill v. Jansma, 86 P.3d 270 (Wyo. 2004).

(3)   The remedies provision of Residential Rental Property Act is exclusive to cases in which corrective action is sought and does not apply in personal injury actions. Merrill v. Jansma, 86 P.3d 270 (Wyo. 2004).

(4)   The duty imposed on landlords under Residential Rental Property Act, and standard arising from it, replaces common law rule of landlord immunity and its exceptions. Merrill v. Jansma, 86 P.3d 270 (Wyo. 2004).

(5)   A hotel in Wyoming has a duty to its guests to keep its hotel rooms in a reasonably safe condition.   John Q. Hammons Inc. v. Poletis, 954 P.2d 1353 (Wyo. 1998).

(6)   Details of standard of care are dependent on facts in each particular case, and that question is to be determined in all doubtful cases by jury.   John Q. Hammons Inc. v. Poletis, 954 P.2d 1353 (Wyo. 1998).

(7)   Negligence, like other facts, can be proved by circumstantial evidence.   John Q. Hammons Inc. v. Poletis, 954 P.2d 1353 (Wyo. 1998).

(8)   "Circumstantial evidence" is proof of facts or circumstances from which existence or nonexistence of other facts may reasonably be inferred.   John Q. Hammons Inc. v. Poletis, 954 P.2d 1353 (Wyo. 1998).

(9)   Where the law provides no specific measure for quantifying damages, the amount to be awarded rests almost totally within discretion of the jury, and the trial and the appellate court are reluctant to interfere with a jury's decision unless the award, by its

excessiveness or inadequacy, denotes passion, prejudice, bias, or some erroneous basis. John Q. Hammons Inc. v. Poletis, 954 P.2d 1353 (Wyo. 1998).

(10) WY ST § 1-1-109 provides:  (c) Whether or not the claimant is free of fault, the court shall:

(i) If a jury trial:

(A) Direct the jury to determine the total amount of damages sustained by the claimant without regard to the percentage of fault attributed to the claimant, and the percentage of fault attributable to each actor; and

(B) Inform the jury of the consequences of its determination of the percentage of fault.

(ii) If a trial before the court without jury, make special findings of fact, determining the total amount of damages sustained by the claimant without regard to the percentage of fault attributed to the claimant, and the percentage of fault attributable to each actor.

(d) The court shall reduce the amount of damages determined under subsection (c) of this section in proportion to the percentage of fault attributed to the claimant and enter judgment against each defendant in the amount determined under subsection (e) of this section.

(e) Each defendant is liable only to the extent of that defendant's proportion of the total fault determined under paragraph (c)(i) or (ii) of this section.

(11) The amount of judgment for which a defendant is liable is limited by percentage of fault the jury assigns to that defendant. Haderlie v. Sondgeroth, 866 P.2d 703 (Wyo.1993).

(12) If nonsettling defendants are found by a jury to be liable for 100% of a verdict where jury found nonsettling defendants to be 100% at fault; the nonsettling defendants are not

entitled to contribution or credit against judgment for amounts paid by settling defendants prior to trial. <u>Haderlie v. Sondgeroth</u>, 866 P.2d 703 (Wyo. 1993).

(13) A jury must consider the negligence of not only the parties to a comparative negligence case, but all the participants in the transaction which produced the injury sued upon. <u>Board of County Com'rs of Campbell County v. Ridenour</u>, 623 P.2d 1174 (Wyo. 1981).

(14) In a civil case, a jury's judgment is to be entered without credit from any settling defendants. WY ST § 1-1-109; <u>Haderlie v. Sondgeroth</u>, 866 P.2d 703 (Wyo. 1993).

(15) A nonsettling defendant, found to be 100% at fault, was not entitled to credit the amount the plaintiff received from settling defendants against the judgment he had to pay. <u>Haderlie v. Sondgeroth</u>, 866 P.2d 703 (Wyo. 1993).

(16) Credit need not be given to a nonsettling defendant at judgment, because the amount of judgment for which each defendant is liable is always limited by the percentage of fault assigned to that defendant. <u>Haderlie v. Sondgeroth</u>, 866 P.2d 703 (Wyo. 1993).

(17) Where a jury found that defendant was ninety percent at fault, if defendant were given credit for co-defendant's settlement, she would not be required to satisfy her full responsibility to the plaintiffs, and that result would not be consistent with this section or with the court's decision in <u>Haderlie v. Sondgeroth</u>, 866 P.2d 703 (Wyo. 1993). <u>Rudy v. Bossard</u>, 997 P.2d 480 (Wyo. 2000).

(18) Willful and wanton misconduct by a defendant justifies punitive damages. <u>Board of County Com'rs of Teton County ex rel. Teton County Sheriff's Dept. v. Bassett</u>, 8 P.3d 1079, 1084 (Wyo. 2000).

(19) The Wyoming Supreme "Court has repeatedly treated the question of whether conduct
was willful and wanton as a question of fact." Errington v. Zolessi, 9 P.3d 966,
973 (Wyo. 2000).

## V. PLAINTIFFS' CONTENTIONS

Plaintiffs are friends who like to go skiing together at least once per year. In January of
2004, the Plaintiffs went to Jackson, Wyoming with the intent of skiing and socializing. Each
Plaintiff stayed at the Defendant Elk Country Motels, Inc.'s Forty Niner Inn, in Jackson,
Wyoming. On or about January 17, 2004, the Plaintiffs were poisoned by large quantities of
carbon monoxide (CO) gas. The CO gas was produced from a boiler that was improperly and
negligently installed, maintained, inspected, repaired, housed, stored and operated. The hotel was
on notice of the danger of CO gas in hotels and motels in the United States generally, and was
specifically aware of a previous CO poisoning in Jackson, Wyoming. The hotel should have, but
did not, install CO detectors. CO detectors would have alerted the Plaintiffs to the presence of
CO gas, and would have allowed them to evacuate the hotel and avoid all injury and damages
actually suffered. Upon learning of the CO exposure to the Plaintiffs, the Defendant Hotel
misrepresented the events that caused Plaintiffs' illness and infirmity, and did so willfully,
wantonly, and with reckless indifference to the consequences. Defendant Hotel specifically, or
constructively, advised the Plaintiffs that they were just fine, and were in no danger, and should
ascend to a higher altitude, with less oxygen, and exercise, (go skiing), instead of telling them
that they had been exposed to CO, and should seek immediate medical treatment, which would
have included either, or both, oxygen therapy or pressurized oxygen therapy. Defendant Hotel
also told some Plaintiffs, despite knowledge that other Plaintiffs had been exposed to CO in their
rooms and were getting emergency medical care, to go back to their CO contaminated rooms.

The delay in seeking treatment, going to a higher altitude after exposure, and being told to go back to the CO poisoned rooms by Defendant Hotel, permanently aggravated Plaintiffs' injuries. Post CO exposure, Defendant Hotel then told Plaintiffs and the public that an earthquake had caused the CO exposure, instead of Defendants' defective and poorly assembled and maintained equipment and premises. Defendant misrepresented facts in an effort to conceal their misconduct from the Plaintiffs, and without regard to whether Plaintiffs would obtain critical medical care prior to the time that their brain damage would be permanent. Plaintiffs seek general damages, special damages, and punitive damages.

## VI. DEFENDANT ELK COUNTRY MOTEL, INC.'S CONTENTIONS

Defendant Elk Country Motels, Inc. operates the 49'er Motel where plaintiff were staying the night of January 16, 2004. Defendant does not deny that each plaintiff was exposed to some amount of CO that night and that they each received medical care as a result of that exposure. Defendant denies, however, liability for that exposure, or for any damages plaintiffs are asserting.

The boiler which emitted the CO was installed by Jack Miller of Jack's Heating and Cooling who was an independent contractor. Miller did a lot of work for Defendant, much of it without being specifically requested to do so. Miller was familiar with Defendant's properties and would often take it upon himself to do work that he knew needed to be done.

In regard to this specific boiler, Defendant had purchased it more than a year before Miller installed it in April 2002. Defendant did not ask Miller to do it, but Miller knew it needed to be done and decided to do it on that day. Miller negligently installed the boiler by not even reading the installation manual, not using the correct type of exhaust pipe, not using the correct type of gluing procedures, not adjusting the boiler for altitude, and other things. This negligence

led to the separation of the exhaust pipe which allowed excessive amounts of CO to escape and move up into the guest rooms. Had the boiler been installed properly, the exhaust pipe would not have separated. Had the boiler been adjusted for altitude, less CO would have been emitted so as to expose plaintiffs to significantly lower levels of CO.

Although Defendant agrees that Plaintiffs incurred medical bills and suffered some degree of emotional distress over this issue, the damages sought are excessive and not supported by the evidence. Furthermore, there is absolutely no evidence of willful or wanton conduct by Defendant such as to justify punitive damages.

## VII. DISCOVERY

### A. Plaintiff intends to obtain the following discovery:

Plaintiffs intend to obtain discovery on all information reasonably calculated to lead to the discovery of admissible information, including information relevant to punitive damages. Plaintiffs intend to depose all Defense Experts and otherwise conduct expert discovery.

### B. Defendant intends to obtain the following discovery:

Defendant intends to depose some or all of Plaintiffs' Experts when they are disclosed. Defendant may also require IMEs of some or all Plaintiffs. Closer to trial, Defendant will re-depose all Plaintiffs to get updated information, and may need to ask the Court for permission to take these depositions beyond the February 2, 2006, discovery cutoff. The earlier depositions were taken with the belief that trial would be in October 2005. Since it has been significantly delayed, Defendant will need updated medical, employment, and general damage information so as to have the most accurate information going in to trial. As time goes on, other discovery may also be needed.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to 28 U.S.C. § 473(a)(1), this case is assigned to a "Standard" track classification. Accordingly, the termination date for discovery is **February 2, 2006,** and discovery shall not be reopened, except by an order of the Court upon a showing of good cause. The deadline shall be construed to require that discovery be <u>completed</u> on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pending of dispositive motions shall not stay discovery. The parties note that, as described below, they will request a discovery termination date of **April 10, 2006,** based upon the later requested expert disclosure dates.

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by **February 22, 2006**. See U.S.D.C.L.R.7.1 for motion practice requirements and timing of responses and replies. The parties note, as described below, they will request a later motion deadline, to correspond to the later discovery termination date. The parties request a discovery motion deadline **April 24, 2006.**

Plaintiffs shall identify to all parties in writing any expert witness to be used by Plaintiff at trial and to provide expert reports pursuant to Fed.R.Civ.P. 26(a)(2)(B) no later than **December 2, 2005**. The parties jointly request that plaintiffs' disclosure date be **January 6, 2006.** All other parties shall identify in writing any expert witness to be used by such parties at trial and to provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than **January 3, 2006**. The parties jointly request that defendant's disclosure date be **March 10, 2006.**

The parties request dates different other than as previously ordered because of time and trouble in scheduling IME's of the eleven plaintiffs, as well as depositions of the experts and possibly re-deposing plaintiffs based upon new and additional information regarding continuing treatment and/or injury.

**C. List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address, and a brief summary of their testimony unless solely for impeachment, identifying the subjects of the information:**

**i. Plaintiffs list the following:**

**PLAINTIFFS:**

**Name:** Damian McDonough
**Address:** 124 West Pine Street, Suite B, Missoula, Montana 59802
**Telephone:** (406) 728-6868
**Subject:** Plaintiffs' CO exposure at the 49'er Inn. How no CO detectors were present at the 49'er Inn. How no warning was provided prior to Plaintiffs' CO exposure at the 49'er Inn. The extent of Plaintiffs' injuries and total damage as a result of their CO exposure.

**Name:** Marissa McDonough
**Address:** 124 West Pine Street, Suite B, Missoula, Montana 59802
**Telephone:** (406) 728-6868
**Subject:** Plaintiffs' CO exposure at the 49'er Inn. How no CO detectors were present at the 49'er Inn. How no warning was provided prior to Plaintiffs' CO exposure at the 49'er Inn. The extent of Plaintiffs' injuries and total damage as a result of their CO exposure.

**Name:** Jacob Parks
**Address:** 124 West Pine Street, Suite B, Missoula, Montana 59802
**Telephone:** (406) 728-6868
**Subject:** Plaintiffs' CO exposure at the 49'er Inn. How no CO detectors were present at the 49'er Inn. How no warning was provided prior to Plaintiffs' CO exposure at the 49'er Inn. The extent of Plaintiffs' injuries and total damage as a result of their CO exposure.

**Name:** Daniel Beatty
**Address:** 124 West Pine Street, Suite B, Missoula, Montana 59802
**Telephone:** (406) 728-6868

**Subject:** Plaintiffs' CO exposure at the 49'er Inn. How no CO detectors were present at the 49'er Inn. How no warning was provided prior to Plaintiffs' CO exposure at the 49'er Inn. The extent of Plaintiffs' injuries and total damage as a result of their CO exposure.

**Name:** Abby Osborn
**Address:** 124 West Pine Street, Suite B, Missoula, Montana 59802
**Telephone:** (406) 728-6868
**Subject:** Plaintiffs' CO exposure at the 49'er Inn. How no CO detectors were present at the 49'er Inn. How no warning was provided prior to Plaintiffs' CO exposure at the 49'er Inn. The extent of Plaintiffs' injuries and total damage as a result of their CO exposure.

**Name:** Tate Kale
**Address:** 124 West Pine Street, Suite B, Missoula, Montana 59802
**Telephone:** (406) 728-6868
**Subject:** Plaintiffs' CO exposure at the 49'er Inn. How no CO detectors were present at the 49'er Inn. How no warning was provided prior to Plaintiffs' CO exposure at the 49'er Inn. The extent of Plaintiffs' injuries and total damage as a result of their CO exposure.

**Name:** Elizabeth (Andree') Kale
**Address:** 124 West Pine Street, Suite B, Missoula, Montana 59802
**Telephone:** (406) 728-6868
**Subject:** Plaintiffs' CO exposure at the 49'er Inn. How no CO detectors were present at the 49'er Inn. How no warning was provided prior to Plaintiffs' CO exposure at the 49'er Inn. The extent of Plaintiffs' injuries and total damage as a result of their CO exposure.

**Name:** Jarod Tait
**Address:** 124 West Pine Street, Suite B, Missoula, Montana 59802
**Telephone:** (406) 728-6868
**Subject:** Plaintiffs' CO exposure at the 49'er Inn. How no CO detectors were present at the 49'er Inn. How no warning was provided prior to Plaintiffs' CO exposure at the 49'er Inn. The extent of Plaintiffs' injuries and total damage as a result of their CO exposure.

**Name:** Brad Kastelitz
**Address:** 124 West Pine Street, Suite B, Missoula, Montana 59802
**Telephone:** (406) 728-6868
**Subject:** Plaintiffs' CO exposure at the 49'er Inn. How no CO detectors were present at the 49'er Inn. How no warning was provided prior to Plaintiffs' CO exposure at the 49'er Inn. The extent of Plaintiffs' injuries and total damage as a result of their CO exposure.

**Name:** Jamie Veis
**Address:** 124 West Pine Street, Suite B, Missoula, Montana 59802
**Telephone:** (406) 728-6868
**Subject:** Plaintiffs' CO exposure at the 49'er Inn. How no CO detectors were present at the 49'er Inn. How no warning was provided prior to Plaintiffs' CO exposure at the 49'er Inn. The extent of Plaintiffs' injuries and total damage as a result of their CO exposure.

**Name:** Jesse Schott
**Address:** 124 West Pine Street, Suite B, Missoula, Montana 59802
**Telephone:** (406) 728-6868
**Subject:** Plaintiffs' CO exposure at the 49'er Inn. How no CO detectors were present at the 49'er Inn. How no warning was provided prior to Plaintiffs' CO exposure at the 49'er Inn. The extent of Plaintiffs' injuries and total damage as a result of their CO exposure.

## DEFENDANTS OR DEFENSE WITNESSES:

**Name:** Clarene Law
**Address:** PO BOX 575 JACKSON WY 83001
**Telephone:** Unknown. In the possession of Defendants.
**Subject:** Owner of 49'er Inn. Uncertain what information she may have.

**Name:** Steve Meadows
**Address:** PO BOX 575 JACKSON WY 83001
**Telephone:** Unknown. In the possession of Defendants.
**Subject:** Plaintiffs' CO exposure at the 49'er Inn. How no CO detectors were present at the 49'er Inn when Plaintiffs were injured. How no warning was provided prior to Plaintiffs' CO exposure at the 49'er Inn. Remedial action taken since Plaintiffs' exposure to CO. Faulty repair work on the 49'er Inn's boiler or heating furnace prior to Plaintiffs' exposure to CO.

**Name:** Curt Haws
**Address:** PO BOX 575 JACKSON WY 83001
**Telephone:** Unknown. In the possession of Defendants.
**Subject:** Plaintiffs' CO exposure at the 49'er Inn. How no CO detectors were present at the 49'er Inn when Plaintiffs were injured. How no warning was provided prior to Plaintiffs' CO exposure at the 49'er Inn. Remedial action taken since Plaintiffs' exposure to CO. Faulty repair work on the 49'er Inn's boiler or heating furnace prior to Plaintiffs' exposure to CO.

**Name:** Charrisse Haws
**Address:** PO BOX 575 JACKSON WY 83001
**Telephone:** Unknown. In the possession of Defendants.
**Subject:** Plaintiffs' CO exposure at the 49'er Inn. How no CO detectors were present at the 49'er Inn when Plaintiffs were injured. How no warning was provided prior to Plaintiffs' CO exposure at the 49'er Inn. Remedial action taken since Plaintiffs' exposure to CO. Faulty repair work on the 49'er Inn's boiler or heating furnace prior to Plaintiffs' exposure to CO.

**Name:** Creed Law
**Address:** PO BOX 575 JACKSON WY 83001
**Telephone:** Unknown. In the possession of Defendants.
**Subject:** Plaintiffs' CO exposure at the 49'er Inn. How no CO detectors were present at the 49'er Inn when Plaintiffs were injured. How no warning was provided prior to Plaintiffs' CO exposure at the 49'er Inn. Remedial action taken since Plaintiffs' exposure to CO. Faulty repair work on the 49'er Inn's boiler or heating furnace prior to Plaintiffs' exposure to CO.

**NON-PARTY ONSITE WITNESSES:**

**Name:** Jack Miller
**Address:** P.O. BOX 9768, JACKSON, WY 83002
**Telephone:** Unknown. In the possession of Defendants.
**Subject:** How no CO detectors were present at the 49'er Inn when Plaintiffs were injured. How no warning was provided prior to Plaintiffs' CO exposure at the 49'er Inn. Remedial action taken by the 49'er Inn since Plaintiffs' exposure to CO. Faulty repair work performed on the 49'er Inn's boiler or heating furnace prior to Plaintiffs' exposure to CO.

**Name:** Allison Miller
**Address:** P.O. BOX 9768, JACKSON, WY 83002
**Telephone:** Unknown. In the possession of Defendants.
**Subject:** How no CO detectors were present at the 49'er Inn when Plaintiffs were injured. How no warning was provided prior to Plaintiffs' CO exposure at the 49'er Inn. Remedial action taken by the 49'er Inn since Plaintiffs' exposure to CO. Faulty repair work performed on the 49'er Inn's boiler or heating furnace prior to Plaintiffs' exposure to CO.

**Name:** Rusty Palmer, Deputy Chief, Prevention and Administration for the Jackson/Teton County Fire Department
**Address:** Jackson Hole Fire/EMS, P.O. Box 901, Jackson, WY 83001
**Telephone:** Phone : (307) 733-4732, Fax : (307) 739-9856, Email : rpalmer@tetonwyo.org
**Subject:** How no CO detectors were present at the 49'er Inn when Plaintiffs were injured. How no warning was provided prior to Plaintiffs' CO exposure at the 49'er Inn. Remedial action taken by the 49'er Inn since Plaintiffs' exposure to CO. Faulty repair work performed on the 49'er Inn's boiler or heating furnace prior to Plaintiffs' exposure to CO.

**Name:** Kale Paulson
**Address:** 7341 Southwest 45th Dr., Portland, OR 97219
**Telephone:** (503) 892-9827/(503) 880-8990
**Subject:** As a person also injured by the CO exposure at the 49'er Inn, this individual knows about Plaintiffs' CO exposure at the 49'er Inn. How no CO detectors were present at the 49'er Inn. How no warning was provided prior to Plaintiffs' CO exposure at the 49'er Inn. Possibly some of the extent of Plaintiffs' injuries and total damage as a result of their CO exposure.

**Name:** Matt Shea
**Address:** 3512 Loredo Drive, Bozeman, Montana 59718
**Telephone:** (406) 491-1742
**Subject:** As a person also injured by the CO exposure at the 49'er Inn, this individual knows about Plaintiffs' CO exposure at the 49'er Inn. How no CO detectors were present at the 49'er Inn. How no warning was provided prior to Plaintiffs' CO exposure at the 49'er Inn. Possibly some of the extent of Plaintiffs' injuries and total damage as a result of their CO exposure.

**Name:** Jerad Weston, Community Service Officer
**Address:** 150 E. Pearl Av., Jackso, WY 83001
**Telephone:** (307) 733-1430

**Subject:** Witness to some or all of the events occurring when and where Plaintiffs became injured.

**Name:** Christy Powell
**Address:** 625 E. Broadway, Jackson, WY 83001
**Telephone:** (307) 733-3636
**Subject:** Witness to some or all of the events occurring when and where Plaintiffs became injured.

**Name:** Aaron Danz
**Address:** Carson Dr. N. Moran, WY 83001/ 60 E. Pearl Av., Jackson, WY 83001
**Telephone:** (307) 543-2310
**Subject:** Witness to some or all of the events occurring when and where Plaintiffs became injured.

**Name:** Russ Ruschill
**Address:** 150 E. Pearl Av., Jackson, WY 83001
**Telephone:** (307) 733-1430
**Subject:** Witness to some or all of the events occurring when and where Plaintiffs became injured.

**Name:** Sgt. Alan John, Officer Russ Ruschill, Tony Matthews, Capt. Bill Neckels
**Address:** Jackson, WY City Police Department, PO Box 1687, Jackson, Wyoming. 83001
**Telephone:** 24 HR.(307) 733-2331, (307) 733-1430, Fax: (307) 733-3241
**Subject:** How Plaintiffs and others became injured by CO after staying at the 49'er Inn. How the CO leak occurred because the 49'er Inn failed to install CO detectors and failed properly repair their heating boiler and exhaust pipes.

**Name:** Bill Curran, Reporter
**Address:** Jackson Hole News & Guide, P.O. 7445 / Jackson, Wyoming 83002
**Telephone:** voice (307) 733-2047 **Fax** (307) 733-2138
**Subject:** Either witnessed some or all of the events occurring when and where Plaintiffs became injured or interviewed persons that did directly witness those events.

## PLAINTIFFS' PHYSICIANS:

**Name:** John Foley, M.D. & Robert Miska, MD; Assistant: Jennifer Dawson
**Address:** Rocky Mountain Neurological Associates, 370 East 9th Avenue, Suite 106, Salt Lake City, UT. 84103
**Telephone:** Fax: (801) 408-5704
**Subject:** Plaintiffs' exposure to CO. The past, present and current effects and damages from Plaintiffs' exposure to CO. Past, present and anticipated future medical treatment required for Plaintiffs' exposure to CO. How CO exposure generally effects the human body.

**Name:** Karen Connelly, spokeswoman; Damon Kuehl, MD; Vaughn Morgan, MD
**Address:** St. John's Hospital, 625 East Broadway, Jackson, Wyoming 83001

**Telephone:** 307-733-3636
**Subject:** Medical treatment and physical/mental damages of Plaintiffs.

**Name:** Eastern Idaho Health Services dba Eastern Idaho Reginal Medical Center
**Address:** Eastern Idaho Regional Medical Center, 3100 Channing Way, Idaho Falls , ID   83404
**Telephone:** (208)529-6111/ Fax: (208)529-7021
**Subject:** Medical treatment and physical/mental damages of Plaintiffs.

**Name:** South Hills Family Medicine
**Address:** 3010 S. Southeast Blvd., Spokane, WA 99223
**Telephone:** 509-533-1000/ FAX: 509-599-1838
**Subject:** Medical treatment and physical/mental damages of Plaintiffs.

**Name:** Teton County EMS:  D. Geiger, D. Benefiel, C. Powell
**Address:** Jackson Hole Fire/EMS, PO Box 901, Jackson, WY 83001
**Telephone:** 307-733-4732/FAX:  307-739-9856
**Subject:** Medical treatment and physical/mental damages of Plaintiffs.

**Name:** Deaconess Medical Center
**Address:** 800 W. 5th Avenue, Spokane, WA 99204
**Telephone:** 509-458-5800
**Subject:** Medical treatment and physical/mental damages of Plaintiffs.

**Name:** Jeff Hampsten, technician, Portneuf Medical Center
**Address:** 651 Memorial Drive, Pocatello, ID 83201
**Telephone:** 208-239-1000
**Subject:** Hyperbaric medical records of Plaintiffs.  CO exposure and related injuries of
Plaintiffs.

**Name:** Idaho Hyperbarics Inc./Chris Shields, MD
**Address:** PO Box 4282, Pocatello, Idaho 83205/ 1951 Bench Road, Pocatello, ID 83201
**Telephone:** 208-233-7802/208-237-1151
**Subject:** Hybaric oxygen treatment of Plaintiffs. CO exposure and related injuries of Plaintiffs.

**Name:** Kevin Sheehan, MD
**Address:** Western Montana Clinic, 500 W. Broadway, PO Box 7609, Missoula, MT 59807
**Telephone:** (406) 721-5600
**Subject:** Damian McDonough's carbon monoxide medical treatment and records

**Name:** Paul M. Bagalman, M.D.
**Address:** General Internal Medicine, 3439 Prytania Street, 5th Floor, New Orleans, LA 70115
**Telephone:**
**Subject:** Tate Douglas Kale's medical history and records

**Name:** James L. Zehnder, MD

**Address:** Obstetrics & Gynecology, 4630 Ambassador Caffery Park, Suite 206, Lafayette, LA 70508
**Telephone:** 337-989-8795
**Subject:** Medical history of Elizabeth (Andree') Kale before the CO exposure.

**Name:** William J. Woessner, MD
**Address:** Family Practice, 750 Camp Street, New Orleans, LA 70130
**Telephone:** 504-525-5262
**Subject:** Medical history of Elizabeth (Andree') Kale before the CO exposure.

**Name:** Donald C. Faust, MD
**Address:** Orthopedic Surgery, 2633 Napoleon Avenue, Suite 600, New Orleans, LA 70115
**Telephone:** 504-899-1000
**Subject:** Medical history of Elizabeth (Andree') Kale before the CO exposure.

**Name:** Christee Richelle Offerdahl, MD
**Address:** Obstetrics & Gynecology, 2005 Franklin Street, Suite 440 Midtown II, Denver, CO 80205
**Telephone:** 303-866-8260
**Subject:** Medical history of Elizabeth (Andree') Kale before the CO exposure.

**Name:** Edwin T. Anselmi, MD
**Address:** Family Physician, 206 West Country Line Road #245, Highlands Ranch, CO 80129
**Telephone:** 720-344-2680
**Subject:** Medical history of Elizabeth (Andree') Kale before the CO exposure.

**Name:** Paul M. Bagalman, M.D.
**Address:** General Internal Medicine, 3439 Prytania Street, 5th Floor, New Orleans, LA 70115
**Telephone:** (504) 842-3000
**Subject:** Medical history of Tate Douglas Kale before the CO exposure.

**Name:** Helen Story, M.D.
**Address:** Family Practice, 6169 S. Balsam Way, Suite 250, Littleton, CO 80123
**Telephone:** 303-933-4555
**Subject:** Medical history of Tate Douglas Kale before the CO exposure.

**Name:** David E. Adams, M.D., M.S.
**Address:** Board Certified Digestive Health and Liver Specialist, 1001 Southpark Drive, Littleton, CO 80120
**Telephone:** 303-722-8987
**Subject:** Medical history of Tate Douglas Kale before the CO exposure.

**Name:** Dimmer Bosman, PT, Clinic Director
**Address:** 7939 E. Arapahoe Road, #270, Greenwood Village, CO 80112
**Telephone:** (720) 529-4802
**Subject:** Medical history of Tate Douglas Kale before the CO exposure.

**Name:** Mr. Edwin T. Anselmi, M.D.
**Address:** Family Physician, 206 West County Line Road #245, Highlands Ranch, CO 80129
**Telephone:** 720-344-2680
**Subject:** Medical history of Tate Douglas Kale before the CO exposure.

**Name:** Dr. Cathy Waterman
**Address:** Family Practice Associates 935 Highland Blvd, Bozeman, MT 59715
**Telephone:** (406) 587-3133
**Subject:** CO Medical injuries of Marissa McDonough & Jacob Parks

**Name:** Shari R. Healy, MSN, FNP-C
**Address:** Gold Street Clinic, 775 W. Gold Street, Butte, MT 59701
**Telephone:** 406-723-4037
**Subject:** CO Medical injuries of Damian and Marissa McDonough

**Name:** Peter Sorini, MD; Gus Varnavas, MD
**Address:** BigSky Neuroscience & Spine Institute, 700 W. Gold Street, Butte, MT 59701
**Telephone:** 406-782-6391
**Subject:** CO Medical injuries of Marissa McDonough

## OTHER WITNESSES:

**Name:** Russell R. Fote, P.E., C.S.P., C.F.E.I.
**Address:** Russell Fote & Associates, Inc.,
**Telephone:** 262-781-4496/FAX: 262-783-4312
**Subject:** Standard of care as to the 49'er Inn and the protection of its guests. What the 49'er Inn was required to do in order to protect its guests from CO exposure. What the 49'er Inn failed to do in regards to protecting its guests from CO exposure. How the CO exposure in this case occurred.

**Name:** Sheryl Dobson
**Address:** Dobson & Associates, 5620 Waterbury Way, #A202, Salt Lake City, Utah 84124
**Telephone:** 801-274-1417
**Subject:** Quality of life loss to Plaintiffs after their CO exposure. Economic damages of Plaintiffs associated with adjusting to their CO exposure.

**Name:** Kathryn Potter, Vice President of Marketing, Ray Ellis, Jr.
**Address:** American Hotel & Lodging Association, 1201 New York Avenue, NW. Suite 600, Washington, D.C. 2005
**Telephone:** 202-289-3130
**Subject:** What the standard of care in the lodging industry is in regards to CO detectors and protection of guest safety. How the American Hotel & Lodging Association advised hotels like the 49'er Inn to "(M)ake it a priority in 2004 to review the feasibility of installing an appropriate fuel gas and carbon monoxide system."

**Name:** Granite Construction Company
**Address:** PO 50085, Watsonville, CA 95077
**Telephone:** 801-526-6091
**Subject:** Income loss of Abby Osborne

**Name:** TCS America
**Address:** 2825 Palmer St., Missoula, MT 59808
**Telephone:** 406-549-5600
**Subject:** Damian McDonough's income loss.

**Name:** Pam McDonald, Preferred Properties Real Estate
**Address:** 2011 North 22nd, #1, Bozeman, MT 59718
**Telephone:** 1-877-815-3920
**Subject:** Marissa McDonough's income loss.

## JESSE SCHOTT WITNESSES

**Name:** Dr. David Westphal
**Address:** Missoula Family Medical Center, 2831 Fort Missoula Road, Missoula, MT, 59804
**Subject:** Treating physician for CO injuries and other medical injuries

**Name:** Kristi Deschamps
**Address:** Millenium Property Management, 201 West Main, Suite 101, Missoula, MT, 59802
**Subject:** Loss of income and change in personality.

**Name:** Jessica Brunk
**Address:** 9286 Snapdragon Lane, Missoula, MT 59808
**Subject:** Loss of income and change in personality. She is Jesse Schott's fiancé.

**Name:** Ray and Susan Schott
**Address:** 149 Rye Street, Butte, MT 59701
**Subject:** Loss of income and change in personality. They are Jesse Schott's parents.

**ii. Defendants list the following, in addition to those listed by Plaintiffs:**

**Name:** John Johnson
**Address:** PO BOX 575 JACKSON WY 83001
**Telephone:** Unknown. In the possession of Defendants.
**Subject:** He would testify consistent with his deposition and also in regard to the installation, inspection, and maintenance of the boiler in question in this case.

**Name:** John Reed
**Address:** PO BOX 575 JACKSON WY 83001
**Telephone:** Unknown. In the possession of Defendants.

**Subject:** He would testify consistent with his deposition and also in regard to the installation, inspection, and maintenance of the boiler in question in this case.

**Name:** Paul Wagner
**Address:** PO BOX 575 JACKSON WY 83001
**Telephone:** Unknown.  In the possession of Defendants.
**Subject:** Desk clerk who would testify regarding his knowledge of the events of January 17, 2004 at the Elk Country motel.


**D. List all documents which you believe, at this time, will be exhibits at the trial:**


**i. Plaintiffs list the following:**


| | |
|---|---|
| Photos of Premises | P  1- P  25 |
| Investigation Report of Rusty Palmer- Fire Marshall | P  26- P  35 |
| Jackson Police Department Report | P  36- P  50 |
| Physical Layout Map of the 49er Inn Hotel with accompanying articles | P  51 |
| Article about 49er Inn Hotel | P  52- P  61 |
| Research on CO alarms | P  62- P  65 |
| Scholarly Articles on CO Poisoning | P  66- P  98 |
| HydroTherm Information | P  99- P  106 |
| HydroTherm AM Series MultiPulse Installation Manual | P  107- P  165 |
| Articles About Income | P  166- P  182 |
| Internet Information about 49er Inn Hotel | P  183- P  202 |
| Internet Information about Jack's Heating And Cooling | P  203- P  204 |
| AHLA Information on CO and CO Detectors | P  205- P  214 |
| Abby Osborne New Patient Intake Sheet | P  215 |
| Abby Osborne Medical Bills | P  216 |
| Abby Osborne Medical Records | P  217- P  224 |
| Abby Osborne Income Information | P  225- P  226 |
| Abby Osborne College Transcripts | P  227- P  228 |
| Abby Osborne Bigler Report | P  229- P  233 |
| Marissa McDonough New Patient Intake Sheet | P  234 |
| Marissa McDonough Medical Bills | P  235- P  239 |
| Marissa McDonough Medical Records | P  240- P  251 |
| Marissa McDonough College Transcripts | P  252- P  255 |
| Marissa McDonough Bigler Report | P  256- P  262 |
| Marissa McDonough Expense Reciepts | P  263- P  271 |

| | |
|---|---|
| Damian McDonough New Patient Intake Sheet | P 272 |
| Damian McDonough Medical Bills | P 273- P 276 |
| Damian McDonough Medical Records | P 277- P 305 |
| Damian McDonough College Transcripts | P 306- P 311 |
| Damian McDonough Income Information | P 312 |
| Damian McDonough Bigler Report | P 313- P 319 |
| Damian McDonough Work Evaluation Reports | P 320- P 326 |
| Jamie Veis New Patient Intake Sheet | P 327 |
| Jamie Veis Medical Bills | P 328- P 330 |
| Jamie Veis Medical Records | P 331- P 346 |
| Jamie Veis SafeCo Correspondence | P 347- P 352 |
| Jamie Veis Medical Bills | P 353 |
| Jamie Veis College Transcripts | P 354- P 356 |
| Daniel Beatty New Patient Intake Sheet | P 357 |
| Daniel Beatty Medical Bills | P 358- P 365 |
| Daniel Beatty Medical Records | P 366- P 380 |
| Daniel Beatty College Transcripts | P 381- P 382 |
| Daniel Beatty Bigler Report | P 383- P 388 |
| Brad Kastelitz New Patient Intake Sheet | P 389 |
| Brad Kastelitz Index of Doctors Seen in the Last 5 Years | P 390 |
| Brad Kastelitz Medical Bills | P 391 |
| Brad Kastelitz Medical Records | P 392- P 428 |
| Brad Kastelitz College Transcripts | P 429- P 432 |
| Brad Kastelitz Income Information | P 433- P 434 |
| Jacob Parks New Patient Intake Sheet | P 435 |
| Jacob Parks Medical Bills | P 436- P 439 |
| Jacob Parks Medical Records | P 440- P 449 |
| Jacob Parks College Transcripts | P 450- P 454 |
| Jacob Parks Income Information | P 455- P 457 |
| Jacob Parks Bigler Report | P 458- P 464 |
| Tate Kale New Patient Intake Sheet | P 465 |
| Tate Kale Medical Bills | P 466- P 468 |
| Tate Kale Medical Records | P 469- P 514 |
| Tate Kale College Transcripts | P 515- P 516 |
| Tate & Elizabeth Andree Kale's Income Information | P 517- P 535 |
| Elizabeth Andree Kale New Patient Intake Sheet | P 536 |
| Elizabeth Andree Kale Medical Bills | P 537- P 544 |
| Elizabeth Andree Kale Medical Records | P 545- P 588 |
| Elizabeth Andree Kale College Transcripts | P 589- P 590 |
| Tate & Elizabeth Andree Kale Photos | P 591- P 593 |

| | |
|---|---|
| Jarod Tait New Patient Intake Sheet | P 594 |
| Jarod Tait Medical Bills | P 595- P 603 |
| Jarod Tait Medical Records | P 604- P 621 |
| Jarod Tait College Transcripts | P 622- P 623 |
| Jarod Tait Income Information | P 624- P 635 |
| Plaintiff Marissa McDonough's Response to Defendant Elk Country Motels, Inc First Set of Requests For Production | P 1000- P 1009 |
| Plaintiff Dame McDonough's Response to Defendant Elk Country Motels, Inc First Set of Requests For Production | P 1010- P 1030 |
| Plaintiff Jamie Veis's Response to Defendant Elk Country Motels, Inc First Set of Requests For Production | P 1031- P 1037 P 1153 |
| Plaintiff Abby Osborne's Response to Defendant Elk Country Motels, Inc First Set of Requests For Production | P 1038- P 1050 |
| Plaintiff Dan Beatty's Response to Defendant Elk Country Motels, Inc First Set of Requests For Production | P 1051- P 1057 |
| Plaintiff Brad Kastelitz's Response to Defendant Elk Country Motels, Inc First Set of Requests For Production | P 1058- P 1067 P 1149- P 1151 P 1155 |
| Plaintiff Tate Kale's Response to Defendant Elk Country Motels, Inc First Set of Requests For Production | P 1068- P 1073 |
| Plaintiff Elizabeth Andree' Kale's Response to Defendant Elk Country Motels, Inc First Set of Requests For Production | P 1093- P 1128 |
| Plaintiff Jarod Tait's Response to Defendant Elk Country Motels, Inc First Set of Requests For Production | P 1129- P 1138 P 1152 P 1154 |
| Plaintiff Jacob Parks's Response to Defendant Elk Country Motels, Inc First Set of Requests For Production | P 1139- P 1148 |
| Plaintiff Jamie Veis's Supplemental Response to Defendant Elk Country Motels, Inc First Set of Requests For Production #2, 3, 7 | P 1156- P 1162 |
| Plaintiff Brad Kastelitz's Supplemental Response to Defendant Elk Country Motels, Inc First Set of Requests For Production #2, 3, 7 | P 1163- P 1190 |
| Plaintiff Brad Kastelitz's Supplemental Response to Defendant Elk Country | |

| | |
|---|---|
| Motels, Inc First Set of Requests For Production #14 | |
| Plaintiff Jacob Parks's Supplemental Response to Defendant Elk Country Motels, Inc First Set of Requests For Production #2, 3 | P 1191- P 1217 |
| Plaintiff Dan Beatty's Supplemental Response to Defendant Elk Country Motels, Inc First Set of Requests For Production #3 | P 1218- P 1222 |
| Plaintiff Dame McDonough's Supplemental Response to Defendant Elk Country Motels, Inc First Set of Requests For Production #2, 3 | P 1223- P 1248 |
| Plaintiff Marissa McDonough's Supplemental Response to Defendant Elk Country Motels, Inc First Set of Requests For Production #2, 3 | P 1249- P 1258 |
| Plaintiff Abby Osborne's Supplemental Response to Defendant Elk Country Motels, Inc First Set of Requests For Production #2, 3 | P 1259- P 1260 |
| Plaintiff Elizabeth Andree' Kale's Supplemental Response to Defendant Elk Country Motels, Inc First Set of Requests For Production #3 | P 1261 |
| Plaintiff Tate Kale's Supplemental Response to Defendant Elk Country Motels, Inc First Set of Requests For Production #3 | P 1262 |
| Plaintiff Jarod Tait's Supplemental Response to Defendant Elk Country Motels, Inc First Set of Requests For Production #3 | P 1263- P 1277 |
| Plaintiffs' Supplemental Response to Defendant's Second Set of Requests For Production to all Plaintiffs | P 1379- P 1392<br>P 1490- P 1535<br>P 1537- P 1572 |
| The following materials on behalf of Plaintiff Jesse Schott:  medical bills, medical records, college transcripts, income information, new patient intake sheet, etc. as listed for the other plaintiffs | No bate stamp markers at present |
| Plaintiff Jesse Schott's Repsonse to Defendant Elk Country Motels, Inc., First | No bate stamp markers at present |

| Set of Requests For Production | |
| --- | --- |
| Plaintiff Jesse Schott's Answers to Defendant Elk Country's Second Requests for Production | No bate stamp markers at present |
| Any all reports produced by Plaintiffs' expert witnesses in this case. | No bate stamp markers at present |
| All Depositions taken to date in this case. | No bate stamp markers at present |
| Any and all other documents or evidence produced by Plaintiffs or Defendants in discovery, formally or informally. | No bate stamp markers at present |

**ii. Defendants list the following, but do not currently know all exhibits that will be listed at trial:**

1. Photos taken produced by Jesse Schott

2. Cell phone records from all plaintiffs.

3. Employment records for all plaintiffs.

**E. List all experts who you believe, at this time, will testify at the trial, giving their name address, area of expertise, and a brief summary of the anticipated testimony:**

**i. Plaintiffs' Experts**

Russell R. Fote
3635 Stonebrook Court
Brookfield, WI 53005
(262) 781 4496
How the 49'er Inn is responsible for poisoning Plaintiffs' with CO gas.

John Hoffman
Safety Engineering Laboratories, Inc.
27803 College Park Drive

Warren, Michigan 48088-4879
How the 49'er Inn is entirely or almost entirely responsible for poisoning Plaintiffs' with CO gas. Plaintiff does not know exactly for sure what Dr. Hoffman will testify to, but it will be expert testimony. Plaintiff will supplement this information as soon as possible.

Lindell K. Weaver, MD
Department of Hyperbaric Medicine
LDS Hospital
8 Avenue & C Street
Salt Lake City, UT 84143
(801) 408 3623
How the 49'er Inn's CO poisoning caused Plaintiffs' medical damages.

Erin D. Bigler, PhD
Psychology Department
1001 SWKT
Post Office Box 25543
Brigham Young University
Provo, Utah 84602
(801) 422 4289
How the 49'er Inn's CO poisoning caused Plaintiffs' medical damages.

William W. Orrison, Jr., MD
Nevada Imaging Center
5495 S. Rainbow Blvd., Suite 101
Las Vegas, NV 89118
How the 49'er Inn's CO poisoning caused Plaintiffs' medical damages.

John F. Foley, MD
Rocky Mountain Neurological Associates
370 E.9[th] Avenue, #106
Salt Lake City, UT 84103
How the 49'er Inn's CO poisoning caused Plaintiffs' medical damages.

Sheryl Dobson, BSN, RN
5620 S. Waterbury Way, Suite A202
Salt Lake City, UT 84121
How the 49'er Inn's CO poisoning has medically and socially effected Plaintiffs' lives.

Terry Marsh
5620 S. Waterbury Way, Suite A202
Salt Lake City, UT 84121
How the 49'er Inn's CO poisoning has medically and socially effected Plaintiffs' lives.

Prof. Joseph Kasperick
4210 Sacramento

Butte, MT 59701
How the 49'er Inn's CO poisoning has caused economic damages to Plaintiffs.

David Westphal, MD
2831 Fort Missoula Road, Ste 146
Missoula, MT 59806
406-728-6557
Jessie Schott's treating physician and medication prescriber (lexapro).

## ii. Defendants' Experts

Defendant does not know what experts it will use in this matter. To a great extent, it depends on the substance of the reports and depositions of plaintiffs' experts.

## VIII.  OTHER PRE TRIAL MOTIONS

## A. Plaintiffs intend to file the following:

(1)   Motion in limine to prohibit use at trial of any evidence or testimony regarding any and all settlement or settlement communications with Jack's Heating & Cooling, Inc.

(2)   Motion in limine to prohibit use at trial of certain evidence Defendants may intend to use.

(3)   After Review Defendant's Expert Reports, and deposing Plaintiffs' experts, Plaintiffs will consider filing a Motion in limine to exclude testimony of Defendants' expert witnesses based on Daubert Issues, where appropriate.

(4)   Motion for directed verdict (at trial)

(5)   Plaintiffs may file other motions in limine depending on the outcome of discovery or other issues that come to light prior to trial.

## B. Defendants intend to file the following:

Defendant expects to file various motions in limine; however, the exact nature of those motions is not known at this time.  Defendant may also file motions in regard to the testimony

from plaintiffs' experts, but that will not be finally determined until the reports are reviewed and depositions taken.

Pretrial motions, other than discovery motions, shall be filed with the Court and served on the opposing party by ~~March 3~~ JUNE 16, 2006. See U.S.D.C.L.R. 7.1 for motion practice requirements and timing of responses and replies. Any pretrial motions, other than discovery motions, filed after the above dates shall be considered untimely in the discretion of the Court.

### IX. PRE TRIAL ORDER

1. Counsel are directed to file a consolidated final Pretrial Order as follows: Plaintiffs portion to Defendants on or before ~~April 18~~ JULY 14, 2006; Defendants to Court on or before ~~May 3, 2006.~~ AUGUST 4, 2006.

2. In jury cases, proposed jury instructions shall be filed no later than 30 days prior to trial. In non-jury actions, requested findings of fact and conclusions of law shall be filed no later than 30 days prior to trial. Refer to "other matters."

3. Counsel for Defendant Jack's Heating & Cooling, Inc. states that because a settlement of all claims of all Plaintiffs against Jack's Heating & Cooling, Inc. was reached on August 31, 2005, and counsel for Plaintiffs and Jack's are presently preparing the requisite stipulation for dismissal, releases, proposed order of dismissal, and related documents for filing with the Court, counsel for Defendant Jack's Heating & Cooling, Inc. has not reviewed, approved, or offered amendments or revisions to this Initial Pretrial Report, and reserves the right to do so in the event that Defendant Jack's Heating & Cooling, Inc. is not dismissed pursuant to the aforementioned August 31, 2005 settlement.

## X. PRE TRIAL CONFERENCE AND TRIAL SETTING

This matter will be set for a PRE TRIAL CONFERENCE on ~~a date convenient for the~~ *AUGUST 17, 2006 AT 1:00 P.M.,* *U.S. COURTHOUSE, CHEYENNE, WY.*
~~Court~~. The Court will ~~set this matter for a JURY TRIAL on a date in the future~~. *DISCUSS A DATE FOR THE JURY TRIAL AT THE PRETRIAL CONFERENCE.*

## XI. ESTIMATED TRIAL TIME

The parties estimate that trial will require 5 weeks.

This is a jury case.

## XII. SETTLEMENT

The possibility of settlement in this case is considered: <u>possible.</u> The parties request a settlement conference prior to trial.

## XIII. OTHER MATTERS

Counsel are directed that the Pretrial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.

If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in the original, the copy for the Court and the copy for each party. Highlighting must be apparent on exhibits that are scanned and filed and/or served electronically.

## XIV. EXCEPTIONS

Counsel could not agree to the above recitations as follows:

1.     Counsel for the Plaintiff lists the following exceptions:  None.

2.    Counsel for the Defendant Elk Country lists the following exceptions:

    a.   All stipulations of law. Defendant counsel does not think this Initial Pretrial

       Report needs an agreement as to what the governing law is in this case.

    b.   Defense Counsel does not agree that the Residential Rental Property Act applies

       and maintains that it is completely irrelevant and inapplicable to this case.


APPROVED WITH/WITHOUT EXCEPTIONS:


_See next Page_____
FOR PLAINTIFFS


_See next Page_____
FOR DEFENDANT ELK COUNTRY MOTELS, INC.

_[signature]_____
FOR DEFENDANT JACK'S HEATING AND COOLING, INC.


APPROVED:                         APPROVED AND ADOPTED AS
                                  THE ORDER OF THE COURT


_____          _____
Hon. Lorenzo F. Garcia           Hon. James A. Parker
United States Magistrate Judge   United States District Court Judge


Initial Pretrial Report, p. 29 of 29.

2.    Counsel for the Defendant Elk Country lists the following exceptions:

    a.   All stipulations of law.  Defendant counsel does not think this Initial Pretrial

       Report needs an agreement as to what the governing law is in this case.

    b.   Defense Counsel does not agree that the Residential Rental Property Act applies

       and maintains that it is completely irrelevant and inapplicable to this case.

APPROVED WITH/WITHOUT EXCEPTIONS:

_____

FOR PLAINTIFFS

Rebecca A. Lewis (by Shandor S. Badaruddin)
(w/ express permission)
FOR DEFENDANT ELK COUNTRY MOTELS, INC.

_____

FOR DEFENDANT JACK'S HEATING AND COOLING, INC.

APPROVED:                                      APPROVED AND ADOPTED AS
                                                THE ORDER OF THE COURT

_____          _____
Hon. Lorenzo F. Garcia            Hon. James A. Parker
United States Magistrate Judge    United States District Court Judge

Initial Pretrial Report, p. 29 of 29.

## CERTIFICATE OF SERVICE

Under penalty of perjury, I swear that on ___9-21-05___ I mailed, via first

class mail, a copy of the foregoing to the parties located at these addresses:

| | |
|---|---|
| Rebecca A. Lewis, Esq.<br>Lewis Law Office<br>4108 Grays Gable Road<br>Laramie, WY 82072 | Attorney for Defendant Elk Country Motels, Inc. |
| Milton Datsopoulos, Esq.<br>Datsopoulos, MacDonald & Lind, P.C.<br>201 W. Main, Suite 201<br>Missoula, MT 59802<br>(406) 728-0810<br>(406) 543-0134 fax | Attorney for Jesse Schott |
| David B. Hooper, Esq.<br>Hooper Law Offices, P.C.<br>PO Box 753<br>Riverton, Wyoming 82501 | Attorney For Defendant Jack's Heating & Cooling, Inc. |
| Tom A. Glassberg, Esq.<br>Hooper Law Offices, P.C.<br>PO Box 303<br>Teton Village, Wyoming 83025 | Attorney For Defendant Jack's Heating & Cooling, Inc. |

Shandor S. Badaruddin, Esq.
Moriarity, Gooch, Badaruddin & Booke, LLC
124 West Pine Street, Suite B
Missoula, Montana 59802-4222
Telephone:    406 728 6868
Facsimile:    406 728 7722